**In re LAFAYETTE RADIO ELECTRONICS CORPORATION, et al., Debtors.**

**Bankruptcy No. 880–00042–18.**

United States Bankruptcy Court,
E. D. New York.

Jan. 5, 1982.

C. ALBERT PARENTE, Bankruptcy Judge.

This is a motion pursuant to Bankruptcy Rule 923 for reconsideration of an application for final allowance of compensation in the matter of Lafayette Radio Electronics Corporation, et al., debtors under Chapter 11 of the Bankruptcy Code.

The multiple fee applications of movant Gelberg & Abrams (G & A) are considered *ad seriatum*.

SPECIAL COUNSEL

G & A, as special counsel to the debtors, requested a fee of $34,011.83 for work performed, plus $10,000 premium for success in litigation and $1,492 in expenses. On August 19, 1981, this Court awarded G & A $24,125.58 fee and $1,022.54 expenses.

█ Upon reconsideration, the Court awards the amount received to date as the fair and reasonable compensation for the services performed. The logs submitted as Exhibit A include time expended in travel, xeroxing, indexing files and fee application correspondence. These items are not compensable. Additionally, the Court has allowed only the original billing rate for each attorney and disallowed in its entirety the billing rate of approximately $165 an hour for five hours spent by a partner of G & A to serve a brief. The court in the *Matter of Arlan's Department Stores, Inc.,* 462 F.Supp. 1255, 1269 (S.D.N.Y.1978) stated that the use of a partner to do work that could have been handled by an associate was inefficient, and, furthermore, an applicant "should not be rewarded for inefficiency." Adverting to counsel's request for a premium, the Court disallows the $10,000 sought by G & A.

GENERAL COUNSEL

G & A, as general counsel, requested a fee of $270,000 and expenses of $12,770.05. The Court awarded G & A $200,000 as value of services rendered, inclusive of any expenses incurred.

The Court has carefully reviewed the time logs and list of attorneys and legal assistants at G & A contributing services January 4, 1980, to April 30, 1981, as well as the supplemental material provided by the various attorneys in *Lafayette*. The Court finds $250,000 to be a fair and reasonable fee inclusive of expenses. The Court has used the original billing rate for each attorney and disregarded the incorrect billing method used by G & A (whereby diverse billing rates were averaged and then multiplied by the total hours expended). The Court notes that the hourly total of certain attorneys does not correspond to the time logs submitted, work descriptions are blank or arcane, and various pages of the computer printout of time logs are incomplete and illegible. Furthermore, the affidavit accompanying G & A's motion is inaccurate (*See* p. 362, disbursements added in twice). The Court attributes these errors to sloppy record keeping procedures, which in some instances result in a disservice to G & A (as, for example, where time logs for H. Peyser and N. Weinstein are included but not listed for computation of billable time).

█ In addition to the numerous numerical inaccuracies the Court encountered in the application of G & A, the Court had to confront the additional task of assessing the work done based on often cryptic notations. The time sheets should ideally permit the Court as much as reasonably possible to identify the legal problems involved, the difficulty of the problems, how the problem was resolved and what results were achieved for the estate. *See In the Matter of Leader International Industries, Inc.,* 2 Bankr.Ct.Dec. 588, 589 (E.D.Michigan 1976). Cognizant of this model, the Court must disallow a proportion of the time noted by attorney W. Robbins. The logs for W. Robbins do not justify the excessive hours reported (*e.g.,* 19 hours on 11/6/80). The large blocks of attorney time appear particularly incongruous because there are innumerable entries of ten minute segments of billing time and in one instance (Log: Berner—3/1/80) an entry for a five minute period.

Concededly, the time spent by attorneys in preparing time logs and by the Court in

reviewing these logs is often enormous. No better system for evaluating reasonable attorney fees has so far evolved, and until such time as it does, the Court must demand, and the attorneys must submit to the Court, as fair and accurate and comprehensive a basis for fee determination as possible. Careless billing practices make this admittedly fallible system both inefficient and unacceptable.

▪ Additionally, noncompensable services should be deleted from attorney's records. For example, no allowance for the item "Lexis" has been allowed where a log does not identify the person using the procedure. The Court also looks with disfavor upon the use of partner time for "Lexis" research or for routine court appearance. Counsel is charged with the responsibility to make every effort to keep down costs to the estate. *See Arlan's Dept. Stores, Inc.,* 462 F.Supp. 1255, 1267 (S.D.N.Y.1978).

▪ At the same time, the Court acknowledges that "awards must be fair, neither so high that the *res* the proceedings is designed to protect is consumed, nor so parsimonious as to discourage the active participation of competent counsel." *See In re Farrington Mfg. Co.,* 540 F.2d 653 (4th Cir. 1976). Bearing in mind this standard of economy and fairness, the Court grants movant a fee of $250,000 as general counsel.

SUBSEQUENT FEES

▪ G & A's original application sought $20,000 estimated fees for future work. The amended application requests $33,605 for the services actually rendered. For this period May 4, 1981, to August 15, 1981, the Court finds $24,851 inclusive of expenses to be a fair and reasonable fee. The Court has again used the original billing rate of each attorney, disregarded the incorrect accounting procedures, and reduced the total hours of W. Robbins (which in one three day period June 17, 1981, to June 19, 1981, accounted for forty hours and thirty minutes with one block of almost fifteen hours described *in toto* as "Prepare for closing.") Based on the principles previously cited, the Court awards $24,851 as appropriate and fair compensation for such services.