**In re ABSCO, INC., Debtor.**

**Bankruptcy No. 81–01041K.**

United States Bankruptcy Court,
E. D. Pennsylvania.

Sept. 29, 1982.

Arthur E. Dennis, Jacob S. Richman, Philadelphia, Pa., for debtor.

Alexander Adelman, Lawrence J. Lichtenstein, Philadelphia, Pa., for Creditors' Comm.

## OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

This case reaches the Court on applications for compensation filed by the attorney for the debtor and co-counsel for the creditors' committee. Fee applications were submitted and appropriate notice was sent to all parties. No objections to the request for allowances were raised. The Court, therefore, took the applications under advisement.[1]

Initially, the Court notes that these applications are in compliance with the requirements of detail and specificity laid down by the Third Circuit Court of Appeals in the *Meade Land and Development Co.* cases 527 F.2d 280 (3rd Cir. 1975) and 577 F.2d 858 (3rd Cir. 1978). These records provide the Court with a substantial basis upon which to award counsel fees.

█ Every attempt to determine a reasonable fee must at least begin with a consideration of the hours of service expended by counsel.

"... an analytical approach, grounded in the number of hours expended on the case, will take into account all the rele-

vant factors, and will lead to a reasonable result. The number of hours of work will automatically reflect the 'time and labor involved,' 'the novelty and difficulty of the question,' and 'preclusion of other employment.' The attorney's normal hourly billing rate will reflect 'the skill requisite to perform the legal services properly,' 'the customary fee,' and the 'experience, reputation and ability of the attorney.'" *Northcross v. Board of Ed. of Memphis City Schools,* 611 F.2d 624, 642 (6th Cir. 1979).

*In the Matter of Hamilton Hardware Co., Inc.,* 11 B.R. 326 (Bkrtcy.E.D.Mich.1981).

Once appropriate fee applications have been filed, the Court must consider the request for allowance in light of the factors which federal courts apply in awarding attorney fees. These factors are:

(1) The time and labor required; (2) The novelty and difficulty of the questions; (3) The skill requisite to perform the legal service properly; (4) The preclusion of other employment by the attorney due to acceptance of the case; (5) The customary fee; (6) Whether the fee is fixed or contingent; (7) Time limitations imposed by the client or other circumstances; (8) The amount involved and the results obtained; (9) The experience, reputation, and ability of the attorneys; (10) The 'undesirability' of the case; (11) The nature and length of the professional relationship with the client; (12) Awards in similar cases.

*Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974) at 717–719. In this matter, the Court finds that factors one through five and eight and nine are most significant in this case.

█ The reorganization of this company did not involve any substantial or novel litigation, nor did the reorganization consume an inordinate amount of time in negotiating the plan. Although a case which presents counsel with extraordinary and difficult issues may merit a fee of $250.00

---

1. This Opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

an hour for the litigation or negotiation of the problem, work of a lesser value should be compensated at a lesser value. *In the Matter of Piedmont Development and Investment Corporation,* 3 B.C.D. 97 (Bankr. N.D.Ga.1976) at p. 101.

In this case, co-counsel to the creditors' committee, Lawrence J. Lichtenstein, Esquire, and the firm of Adelman and Lavine, Esquires, have obviously performed a thoroughly creditable task in negotiating a satisfactory plan of arrangement and steering the case through the confirmation process. The reorganization of this debtor, however, did not present issues of such difficulty or novelty as would challenge the ability of these capable and experienced practitioners. The Court, therefore, finds the sum of $100.00 per hour to be a fair and reasonable fee award. On the basis of seventy-four (74) hours of services rendered, the Court will award $7,400.00 in counsel fee and $90.70 reimbursement for costs expended.

Arthur Dennis, Esquire, and Jacob S. Richman, Esquire, served as co-counsel to the debtor. The fee application submitted by Mr. Dennis reflected an agreement to perform all services in the case for $10,000 and showed a total of 101 hours spent in the performance of legal services. The Court has disallowed five hours of time on the basis that time spent in preparing an application for counsel fee is not a service for which the debtor should bear the cost. *In re Hotel Associates,* 15 B.R. 487 (Bkrtcy.E. D.Pa.1981). In formulating the plan of reorganization in the instant case, counsel for the debtor cooperated fully with counsel for the committee. In addition, Mr. Dennis has many years experience in bankruptcy matters. The Court, therefore, will award him a fee based on an hourly rate of $75.00. The total award to counsel for the debtor is $7,200.