**In the Matter of DEE'S RESORT WEAR, INC. a/k/a Dee's a/k/a Dee's Sportswear a/k/a Dee's Dress Shop, Debtor.**

**Bankruptcy No. 81–883.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Dec. 15, 1982.

Lawrence Kleinfeld, St. Petersburg, Fla., for trustee.

John E. Watson, St. Petersburg, Fla., for debtor.

ORDER ON APPLICATION FOR ORDER
TO DETERMINE REASONABLE
ATTORNEY'S FEES

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for hearing upon the Application for Order to Determine Reasonable Attorneys Fee, filed by the Trustee for the above-named Debtor. The Trustee requests that this Court review the fee of $5,000 which was paid to the Debtor's attorney, John E. Watson, prior to the filing of the Debtor's petition for relief.

The Debtor filed a Petition for Relief under Chapter 7 of the Bankruptcy Code on May 20, 1981. In response to the Trustee's Application, the attorney for the Debtor filed an Affidavit with detailed schedules of the time devoted to the case and the services rendered by the attorney himself and by his law clerk. The Affidavit and attached schedules show that the attorney expended 18 hours and 5 minutes on the case prior to the filing of the petition and 5 hours in post-petition services of this time, approximately two hours and five minutes of the pre-petition services, and two hours of post-petition time were spent in telephonic calls and correspondence. The attor-

ney's law clerk expended 22 hours, 18 minutes pre-petition and 39 hours, 23 minutes post-petition. Approximately 1 hour and 18 minutes of his prepetition services, and 5 hours and 53 minutes of his postpetition time was spent in telephone calls and correspondence. In addition, there is listed on both the attorney's and the law clerk's schedules 8 hours spent in conference together reviewing pleadings and correspondence between February 3, 1981 and September 30, 1981. The attorney contends that the total of 100 hours and 46 minutes warrants a fee of $6,675.50. The Disclosure of Compensation filed together with the Petition for Relief reflects that $5,000 was paid prior to the date of filing and an additional $5,000 was promised forthcoming.

Much of the itemization of telephone and correspondence time does not reveal the nature or substance of the phone calls or correspondence. Furthermore, many of the services seem routine and ministerial. As such, this time should be compensated at a lower rate than truly legal services, regardless of the experience and competency of the party performing the services. *In re Doyle-Lunstra Sales Corp.*, 19 B.R. 1003, 6 C.B.C.2d 1330 (D.C.D.S.D.1982).

The Court having considered the record, and arguments of counsel, it is

ORDERED, ADJUDGED AND DECREED that the Application for Order to Determine Reasonable Attorney's Fee be, and the same hereby is, granted and a reasonable fee for the services performed is determined to be $3500.00. It is further

ORDERED, ADJUDGED AND DECREED that the attorney for the Debtor, John E. Watson be, and the same hereby is, directed to remit the excess amount, to-wit: $1500.00, to the Trustee within 15 days from the date of the entry of this Order.