**In re David M. and Pat M. HOLTHOFF, Debtors.**

**In re Byron M. and Lois A. HOLTHOFF, Debtors.**

**In re Carl Frank and Glenda HOLTHOFF, Debtors.**

**Bankruptcy Nos. PB 84-221M, PB 84-223M and PB 84-224M.**

United States Bankruptcy Court, E.D. Arkansas, Pine Bluff Division.

July 12, 1985.

---

Richard L. Ramsay, Pine Bluff, Ark., for Metropolitan Life Ins. Co.

Thomas S. Stone and Patrick E. Hollingsworth, Little Rock, Ark., for debtor and applicant.

## MEMORANDUM OPINION

JAMES G. MIXON, Bankruptcy Judge.

On August 20, 1984, a voluntary petition under Chapter 11 of the Bankruptcy Code was filed in each of the above cases. This Court authorized the employment of the law firm of Davidson, Horne, Hollingsworth, Arnold & Grobmyer as counsel for the debtors-in-possession in each of the three cases on December 21, 1984, *nunc pro tunc.* On December 27, 1984, an application for interim allowance of compensation and reimbursement of expenses was filed by counsel for the debtors-in-possession in each of the three cases. In each of these proceedings, no other application for interim allowance of compensation for professional services has been filed by the applicant firm.

In PB 84–221M, the applicant firm expended a total of 66.80 hours for professional services rendered on behalf of the debtors-in-possession for professional services performed from October 26, 1984, through December 13, 1984, and seeks payment of $3,327.50. The following is a breakdown of the request for interim fees:

| Attorney | Hours | Rate | Total |
|---|---|---|---|
| Ben F. Arnold | 2.00 | $95.00 | $ 190.00 |
| Thomas S. Stone | 21.70 | 85.00 | 1,844.50 |
| Patrick E. Hollingsworth | 43.10 | 30.00 | 1,293.00 |
| Total | 66.80 | | $3,327.50 |

1. The compensation requested for services rendered during this time period does not correlate with the amount arrived at by the Court when using the lodestar method.

2. The compensation requested for services rendered during this time period does not correlate

The applicant firm requests reimbursement for expenses incurred through December 16, 1984, in the amount of $29.28. The following is a breakdown of expenses:

| Filing and Service Expenses: | $ 7.83 |
|---|---|
| Printing and Photocopy Expenses: | 3.00 |
| Firm Photocopies: | 18.45 |
| Total | $29.28 |

In PB 84–223M, the applicant firm seeks allowance of compensation for professional services performed from October 26, 1984, through December 13, 1984, in the amount of $3,874.50.[1] The applicant firm expended a total of 79.80 hours for professional services rendered on behalf of the debtors-in-possession. The following is a breakdown of services performed by each attorney:

| Attorney | Hours | Rate | Total |
|---|---|---|---|
| Ben F. Arnold | 2.20 | $95.00 | $ 209.00 |
| Thomas S. Stone | 24.90 | 85.00 | 2,116.50 |
| Patrick E. Hollingsworth | 52.70 | 30.00 | 1,581.00 |
| Total | 79.80 | | $3,906.50 |

In addition, the applicant firm seeks reimbursement for expenses totalling $42.99. The following is a breakdown of expenses:

| Filing and Service Expenses: | $11.19 |
|---|---|
| Printing and Photocopy Expenses: | 3.00 |
| Firm Photocopies: | 28.80 |
| Total | $42.99 |

In PB 84–224M, the applicant firm seeks allowance of compensation for professional services performed from October 26, 1984, through December 13, 1984, in the amount of $3,551.00.[2] The applicant firm expended a total of 73.10 hours for professional services rendered on behalf of the debtors-in-possession. The following is a breakdown of services performed by each attorney:

with the amount arrived at by the Court when using the lodestar method.

| Attorney | Hours | Rate | Total |
|---|---|---|---|
| Ben F. Arnold | 2.00 | $95.00 | $ 190.00 |
| Thomas S. Stone | 23.30 | 85.00 | 1,980.50 |
| Patrick E. Hollingsworth | 47.80 | 30.00 | 1,434.00 |
| Total | 73.10 | | $3,604.50 |

In addition, the applicant firm seeks reimbursement for expenses totalling $37.05. The following is a breakdown of expenses:

| | |
|---|---|
| Filing and Service Expenses: | $14.55 |
| Printing and Photocopy Expenses: | 3.00 |
| Firm Photocopies: | 19.50 |
| Total | $37.05 |

An objection to each of the fee applications was filed by Metropolitan Life Insurance Company, a creditor in this case. Metropolitan Life Insurance Company alleges that a duplication of services was performed. A hearing was held on the application for attorneys' fees and expenses on February 15, 1985. Metropolitan Life Insurance Company was represented by Hon. Richard L. Ramsay. Hon. Thomas S. Stone and Hon. Patrick E. Hollingsworth appeared on behalf of the applicant law firm, Davidson, Horne, Hollingsworth, Arnold & Grobmyer.

The burden of proof as to the reasonableness of requested compensation is that of the applicant. *In re Crutcher Transfer Line, Inc.*, 20 B.R. 705, 710 (Bkrtcy.W.D.Ky.1982); *In re Werth*, 32 B.R. 442 (Bkrtcy.D.Colo.1983); *Matter of Liberal Market, Inc.*, 24 B.R. 653 (Bkrtcy. Ohio 1982). In addition to any objection voiced by a party in interest, the court has an independent duty to investigate the reasonableness of compensation. Bankruptcy Rule of Procedure 2016(a); *In re Thomas, Inc.*, 43 B.R. 510 (Bkrtcy.D.Mass.1984); *In re Bolton*, 43 B.R. 598 (Bkrtcy.E.D.N.Y. 1984).

11 U.S.C. § 331 authorizes payment of interim compensation. Compensation in bankruptcy cases is governed by 11 U.S.C. § 330 which provides generally that after notice and a hearing, the court may award to an attorney employed under 11 U.S.C. § 1103 reasonable compensation for actual and necessary services rendered by the attorney based upon the time, the nature, the extent and the value of the services and the cost of comparable services other than in bankruptcy cases.

Many courts consider the enumerated factors in *Johnson v. Georgia Hwy. Express, Inc.*, 488 F.2d 714 (5th Cir.1974). The elements are:

1. Time and labor required;
2. Novelty and difficulty of the question;
3. The skill required to perform the legal service properly;
4. The preclusion of other employment by the attorney due to acceptance of the case;
5. Customary fee;
6. Whether the fee is fixed or contingent;
7. Time limitations imposed by the client or circumstances;
8. The amount involved and the results obtained;
9. The experience, reputation and ability of the attorneys;
10. The undesirability of the case;
11. The nature and length of the professional relationship with the client; and
12. Awards in similar cases.

*In re Werth*, 32 B.R. at 442; *In re Global International Airways Corp.*, 38 B.R. 440 (Bkrtcy.W.D.Mo.1984); *In re Garnas*, 40 B.R. 140 (Bkrtcy.D.N.D.1984); *See also Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); *Blum v. Stenson*, 465 U.S. 886, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984); *Cleverly v. Western Electric Co.*, 594 F.2d 638, 642 (8th Cir. 1979).

The automatic stay contained in 11 U.S.C. § 362 suspends all creditor action to collect on their debts upon the filing of the bankruptcy petition so that the debtor-in-possession may reorganize and propose a plan to pay creditors. It is for this general purpose that counsel are employed and compensation comes from assets which, but

**40**

for the bankruptcy, would be available to pay creditors' claims.

 Counsel for a debtor-in-possession has a responsibility to keep costs to the estate at a minimum. *In re Werth,* 32 B.R. at 442; *Arlans Dept. Stores, Inc.,* 462 F.Supp. 1255 (D.C.N.Y.1978); *In re Lafayette Radio Electronics Corp.,* 16 B.R. 360 (Bkrtcy.E.D.N.Y.1982). A factor always to be considered is the number of hours of work performed times the hourly rate charged which is often referred to as the "lodestar" calculation. *In re Wilson Foods Corp.,* 40 B.R. 118 (Bkrtcy.W.D. Okla.1984); *In re Bishop,* 32 B.R. 302 (Bkrtcy.D.R.I.1983). But it is incorrect to suggest that consideration be given solely to this factor regardless of the other considerations mandated by the Code and the case law including the success, or lack of it at each stage of the case, the difficulty, the reasonableness and the quality of the time spent in relation to the value to the estate of the services rendered. *Matter of Rego Crescent Corp.,* 37 B.R. 1000 (Bkrtcy.E.D. N.Y.1984). The services must be reasonably related toward accomplishing the intended goal of payment of creditors.

 Considering all of the appropriate factors, the fee request here is overstated.

The total combined fee request including expenses is for $10,947.82 for work performed over a period of time of less than two months. During the period for which the fees are requested, there were few significant developments in the case.

The Court acknowledges that the participation of more than one counsel is sometimes necessary in complex matters, and is willing to compensate accordingly. Likewise, there is a difference in duplication and coordination of services. In these cases, each of the debtors is entitled to separate representation, yet these debtors have chosen to employ the same law firm. The cases are closely related. The primary task of each debtor has been to formulate a confirmable plan while preserving the assets of the estate. The issues in each case have been dealt with substantially the same. Counsel have taken the same position for each debtor in most stages of these proceedings. Typically, all three debtors appear at the same hearing or meeting, each represented by the same two attorneys, regardless of the need for two attorneys. The result is illustrated in the following billings for Thomas S. Stone and Patrick E. Hollingsworth:

| | Combined Hours | | |
| Proceeding | PB 84–221M | PB 84–223M | PB 84–224M |
| --- | --- | --- | --- |
| 1. Hearing on Motion for Rule 2004 Examination | 5.1 hrs | 5.1 hrs | 5.1 hrs |
| 2. Case conference on 11/8/84 | 3.5 hrs | 3.5 hrs | 3.5 hrs |
| 3. Conference at First State Bank of Gould | 7.3 hrs | 7.3 hrs | 7.3 hrs |
| 4. 341(a) meeting | 4.6 hrs | 4.6 hrs | 4.6 hrs |
| 5. Hearing on Order to Show Cause | 4.7 hrs | 4.7 hrs | 4.5 hrs |

If all three debtors are scheduled for hearing, which is usually the case, then the same two counsel generally rotate for each witness questioned in each of the three debtor cases. Sometimes one counsel simply observes the other counsel perform and never participates. There is an unnecessary duplication of services and compensation must be reduced accordingly. *Matter* *of Liberal Market, Inc.,* 24 B.R. at 665; *In re United Rockwool, Inc.,* 32 B.R. 558, 561 (Bkrtcy.E.D.Va., Richmond D.1983); *In re Crutcher Transfer Line, Inc.,* 20 B.R. at 710; *Cle-Ware, Inc. v. Sokolsky,* 493 F.2d 863, 868 (6th Cir.1974); *In re Global International Airway Corp.,* 38 B.R. at 443; *In re Sapolin Paints, Inc.,* 38 B.R. 807, 811 (Bkrtcy.E.D.N.Y.1984).

■ Other problems with the requests in addition to the duplication of services appear. The fee application should be specific enough to identify the legal services rendered, so that the Court can determine the difficulty of the case, and what results were achieved for the estate. *In re Werth*, 32 B.R. at 445. Examples of the lack of specificity in the applications appear in PB 84–221M on November 5, 1984, November 6, 1984, November 7, 1984, November 9, 1984, and November 15, 1984, for services of attorney Ben Arnold, which merely state, "conference with Patrick Hollingsworth." Almost identical entries appear on both PB 84–223M and PB 84–224M. The application should at least state generally the nature and purpose of the conference. Other examples of unidentifiable work include the following:

| Attorney | Date | Service | Hours |
|---|---|---|---|
| | | PB 84–221M | |
| Thomas S. Stone | 10/30/84 | Prepare various pleadings and fee agreement | .90 |
| Thomas S. Stone | 11/17/84 | Worked on various motions | .30 |
| Thomas S. Stone | 11/30/84 | Finalize draft of motions | .60 |
| Patrick Hollingsworth | 10/26/84 | Research bankruptcy procedures | .90 |
| Patrick Hollingsworth | 10/27/84 | Research bankruptcy procedures | .90 |

| Attorney | Date | Service | Hours |
|---|---|---|---|
| | | PB 84–223M | |
| Thomas S. Stone | 10/30/84 | Prepared various pleadings and agreements | .90 |
| Thomas S. Stone | 11/27/84 | Worked on various motions | .30 |
| Thomas S. Stone | 11/30/84 | Finalized drafts and motions | .60 |
| Patrick Hollingsworth | 10/26/84 | Research bankruptcy procedures | .90 |
| Patrick Hollingsworth | 10/27/84 | Research bankruptcy procedures | .90 |
| Patrick Hollingsworth | 10/28/84 | Review bankruptcy procedure rules; reviewed file; · · · | .90 |
| Patrick Hollingsworth | 10/30/84 | Conference with Tom Stone . . . | .90 |

| Attorney | Date | Service | Hours |
|---|---|---|---|
| | | PB 84–224M | |
| Thomas S. Stone | 11/27/84 | Worked on various motions | .30 |
| Thomas S. Stone | 11/30/84 | Finalized drafts and motions | .60 |

42

| Attorney | Date | Service | Hours |
|----------|------|---------|-------|
| | | PB 84–224M | |
| Patrick Hollingsworth | 10/26/84 | Research regarding bankruptcy procedures | .90 |
| Patrick Hollingsworth | 10/27/84 | Research regarding bankruptcy procedures | .90 |
| Patrick Hollingsworth | 10/27/84 | Research regarding bankruptcy procedures | .90 |
| Patrick Hollingsworth | 10/28/84 | . . . Reviewed bankruptcy procedure rules; . . . | 1.00 |
| Patrick Hollingsworth | 10/30/84 | Conference with Tom Stone; . . . | .90 |

■ The fee application submitted must comply with Bankruptcy Rule of Procedure 2016 regarding a detailed fee application and a disclosure of receipt of previously acquired or promised compensation. The fee applications presented to the Court do not comply with Rule 2016.

■ Another deficiency in the applications is the grouping of services performed. Counsel should not group all tasks performed in one day into a single billing. Each type of service should be listed with the corresponding specific time allotment. *In re Bishop*, 32 B.R. at 302. Otherwise, the Court is unable to determine whether or not the time spent on a specific task was reasonable. One example of services lumped together appears on all three fee applications on October 29, 1984, for attorney Patrick Hollingsworth as follows:

| Service | Hours |
|---------|-------|
| Prepare retainer letter; Proofed Application To Employ Attorneys; Conference with Tom Stone regarding hearing on motion for Rule 2004 examination; Conference with clients regarding records and reports required in Chapter 11 case; Attended hearing on motion for Rule 2004 examination. | 2.80 |

■ The applications list services regarding a retainer agreement between counsel and the debtor. Time charged for letters, conferences, agreements and phone calls regarding retainers and fee applications is not compensable. *See Matter of Liberal Market, Inc.*, 24 B.R. at 661; *In re Citizens Mortgage Investment Trust (CMIT)*, 37 B.R. 813, 820 (Bkrtcy.D.Mass. 1984); *In re Pacific Homes*, 20 B.R. 729, 738 (Bkrtcy.C.D.Cal.1982); *In re ABSCO, Inc.*, 23 B.R. 250, 252 (Bkrtcy.E.D.Pa.1982). *But see Rose Pass Mines, Inc. v. Howard*, 615 F.2d 1088, 1093 (5th Cir.1980); *In re United Rockwool, Inc.*, 32 B.R. at 561.

■ The Court finds a considerable amount of time expended on an abstract legal question which has not been an issue in this case. It appears that counsel have spent 12.70 hours of research time and conference time on a possible RICO suit. No necessity or benefit of this research to the estate has been shown to the Court, and none is apparent from the file. Therefore, compensation for RICO related work will be denied. *See In re Erewhon, Inc.*, 21 B.R. 79, 83 (Bkrtcy.D.Mass.1982).

■ Fee requests for ministerial tasks performed by counsel such as "file organization" should not be allowed as compensable time. *See Matter of Dee's Resort*

*Wear, Inc.*, 25 B.R. 591 (Bkrtcy.M.D.Fla., Tampa D.1982).

The time spent in preparing for the show cause hearing held in Pine Bluff, Arkansas, on December 13, 1984, appears to be excessive. Counsels' combined efforts in preparing for this uncomplicated hearing total 28.60 hours. The Court thinks the maximum reasonable preparation time should not have exceeded the 5.10 hours actually spent by the more experienced attorney, Thomas S. Stone.

 The rates of compensation requested by the applicants, $95.00 an hour for an experienced bankruptcy partner, $85.00 an hour for an experienced partner, and $30.00 an hour for an associate, are reasonable hourly rates for services performed and are comparable to fees charged by other firms for both bankruptcy and nonbankruptcy cases.

Consistent with this opinion, the Court will not authorize the payment of fees from assets of the estate for the time the applicant spent for (1) duplication of services, (2) poorly documented entries, (3) preparation of fee application and related entries, (4) RICO related research, and (5) excessive preparation for the show cause hearing.

A careful review of the fee applications has been conducted regarding duplication of services. The Court has deducted the time spent in duplicated services from the billed hours of attorney Patrick E. Hollingsworth since these hours were billed at a lower rate than the services of attorney Thomas S. Stone.

Pursuant to Bankruptcy Rule of Procedure 2016, the applicants are ordered to disclose what payments have been made or promised to the applicants for services rendered or to be rendered in any capacity whatsoever in connection with the case, the source of the compensation paid or promised, whether any compensation previously received has been shared and whether an agreement or understanding exists between the applicants and any other person for the sharing of compensation and the particulars of that agreement. Compliance with Rule 2016 is a prerequisite for the awarding of any interim fee compensation.

In case No. PB 84–221M, the Court has reduced the fee requested by $1,186.50. In case No. PB 84–223M, the Court has reduced the fee requested by $1,372.50. In case No. PB 84–224M, the Court has reduced the fee requested by $1,320.00. The interim fee compensation awarded in each of the three cases is as follows:

| Case | Amount |
|------|--------|
| PB 84–221M | $2,141.00 |
| PB 84–223M | 2,534.00 |
| PB 84–224M | 2,284.50 |

All expenses will be awarded in each of the three cases totalling $109.32. The total compensation and expense reimbursement allowed in these fee applications is $7,068.82.

IT IS SO ORDERED.