**In re BONDS LUCKY FOODS, INC., NO. 1, an Arkansas corporation, Bonds Lucky Foods, Inc., No. 2, an Arkansas corporation, Debtors.**

**Bankruptcy No. HE 85–10M.**

United States Bankruptcy Court,
E.D. Arkansas,
Helena Division.

May 13, 1986.

James E. Smith, Jr., Mitchell Law Firm, Little Rock, Ark., for debtors.

## MEMORANDUM OPINION

JAMES G. MIXON, Bankruptcy Judge.

On February 15, 1985, Bonds Lucky Foods, Inc., No. 1 and Bonds Lucky Foods, Inc., No. 2 filed voluntary petitions for relief under the provisions of Chapter 11. On March 18, 1985, an Order was entered authorizing the employment of the law firm of Mitchell, Williams, Selig, Jackson & Tucker (Mitchell Law Firm) as attorneys for both estates. On April 30, 1985, an Order was entered allowing the cases to be jointly administered under Case No. HE 85–10M. A consolidated plan of reorganization was filed on July 30, 1985. All classes of creditors in both cases voted to accept the plan, and on January 28, 1986, a substantively consolidated plan of reorganization was confirmed in both cases.

Counsel for the debtors have now applied for an award of interim compensation pursuant to 11 U.S.C. § 331. The application

requests an attorneys' fee of $24,961.00 for services rendered from February 1, 1985, through December 31, 1985, and reimbursement of expenses in the sum of $4,461.90, totaling $29,422.90.

On February 24, 1986, a hearing was held on the application for attorneys' fees and expenses. There were no objections to the fee request. The Court questioned counsel concerning various charges shown on the itemization. At the request of counsel, the Court took the fee request under advisement pending receipt of a brief; however, no brief has been filed.

■■■ The burden of proof as to the reasonableness of requested compensation is that of the applicant. *In re Crutcher Transfer Line, Inc.*, 20 B.R. 705 (Bkrtcy. W.D.Ky.1982). *In re Werth*, 32 B.R. 442 (Bkrtcy.D.Colo.1983); *Matter of Liberal Market, Inc.*, 24 B.R. 653 (Bkrtcy.Ohio 1982). Counsel for a debtor-in-possession has a responsibility to keep costs to the estate at a minimum. *In re Werth*, 32 B.R. at 442; *Arlan's Dept. Stores, Inc.*, 462 F.Supp. 1255 (D.C.N.Y.1978), *aff'd*, 615 F.2d 925 (2nd Cir.1979); *In re Lafayette Radio Electronics Corp.*, 16 B.R. 360 (Bkrtcy.E.D.N.Y.1982). In addition to any objection voiced by a party in interest, the court has an independent duty to investigate the reasonableness of compensation. Bankruptcy Rule of Procedure 2016(a); *In re Thomas, Inc.*, 43 B.R. 510 (Bkrtcy.D. Mass.1984); *In re Bolton*, 43 B.R. 598 (Bkrtcy.E.D.N.Y.1984).

11 U.S.C. § 331 authorizes payment of interim compensation. Compensation in bankruptcy cases is governed by 11 U.S.C. § 330 which provides generally that after notice and a hearing, the court may award to an attorney employed under 11 U.S.C. § 1103 reasonable compensation for actual and necessary services rendered by the attorney based upon the time, the nature, the extent and the value of the services and the cost of comparable services other than in bankruptcy cases.

Many courts consider the enumerated factors in *Johnson v. Georgia Hwy. Express, Inc.*, 488 F.2d 714 (5th Cir.1974). The elements are:

1. Novelty and difficulty of the question;
2. The skill required to perform the legal service properly;
3. The experience, reputation and ability of the attorneys;
4. Customary fee;
5. Whether the fee is fixed or contingent;
6. The preclusion of other employment by the attorney due to acceptance of the case;
7. The amount involved and the results obtained;
8. Time limitations imposed by the client or circumstances;
9. The undesirability of the case;
10. The nature and length of the professional relationship with the client;
11. Awards in similar cases; and
12. Time and labor required.

*In re Werth*, 32 B.R. at 442; *In re Global International Airways Corp.*, 38 B.R. 440 (Bkrtcy.W.D.Mo.1984); *In re Garnas*, 40 B.R. 140 (Bkrtcy.D.N.D.1984); *See also Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); *Blum v. Stenson*, 465 U.S. 886, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984); *Cleverly v. Western Electric Co.*, 594 F.2d 638 (8th Cir.1979).

A review of the fee application in light of the fee standards of *Johnson* must be made. This case did not involve any novel or difficult questions of law, but it did require the skill of attorneys experienced in bankruptcy. The attorneys involved in this case are experienced bankruptcy practitioners. Hon. James E. Smith, Jr., and Hon. Susan Gunter account for most of the attorney time charged. The hourly rates charged were $100.00 for Mr. Smith and $90.00 for Ms. Gunter. Their rates are reasonable and are customary charges for experienced bankruptcy attorneys in this area for the type of services performed. The award sought is based on a lodestar computation which is a customary basis for awards in similar cases. There is nothing about this case that would cause a preclusion of other employment. The amount of

property involved was substantial, and the result obtained was a successful confirmation of the debtors' plan. There existed no apparent time limitations imposed on counsel in this bankruptcy case. There was no evidence that this case was an undesirable case for the bankruptcy practitioner. Likewise, the Court is unaware of any extended representation of the debtors by the Mitchell Law Firm prior to the bankruptcy filing.

The time and labor expended in a case of this size and difficulty are excessive. There were no contested matters or adversary proceedings filed against the debtors in this case. Virtually all hearings and court appearances were undisputed or settled matters.

Included in the attorneys' fee and expense request of $29,422.90 are charges for professional services performed by Barbara Mills, Pat Jones, an unnamed paralegal, law clerks and messengers in the total sum of $9,996.00. The following is a breakdown of the nonattorney time which is included in the attorneys' fee request:

| Law Clerk/ Paralegal/ Messenger | Hours | Rate | Total |
|---|---|---|---|
| Law Clerk 165 | 11.70 | $30.00 | $ 351.00 |
| Law Clerk 55 | 36.90 | 30.00 | 1,107.00 |
| Paralegal 67 | 14.80 | 30.00 | 444.00 |
| Paralegal 140 | 267.00 | 30.00 | 8,010.00 |
| Paralegal 117 | 1.40 | 30.00 | 42.00 |
| Messenger 155 | .30 | 10.00 | 3.00 |
| Messenger 160 | 1.50 | 10.00 | 15.00 |
| Messenger 138 | .60 | 10.00 | 6.00 |
| Messenger 100 | .30 | 10.00 | 3.00 |
| Messenger 126 | .90 | 10.00 | 9.00 |
| Messenger 148 | .30 | 10.00 | 3.00 |
| Messenger 171 | .30 | 10.00 | 3.00 |
| Total | | | $9,996.00 |

From statements by Mr. Smith at the hearing, Ms. Mills and Ms. Jones were identified as employees of the Mitchell Law Firm. Ms. Mills was identified as a licensed paralegal, while Ms. Jones was identified as a professional legal secretary who is studying to be certified as a paralegal. Since the applicant offered no evidence regarding the nature of the nonattorney services performed, the Court is required to examine the charges from the application itself.

Some of the charges in the fee application represent services performed by paralegals and law clerks which were duplicative of work performed by the attorneys or were services which appear to be unnecessary. For example, one of the debtors' attorneys was accompanied by a paralegal and a law clerk to a meeting in Forrest City with the debtors on April 8, 1985. Mr. Smith explained that generally paralegals performed services at meetings by reminding the attorneys of their agreements and "[holding] the debtor's hand to establish a comfort level for the clients." These services do not appear necessary, and are not compensable.

A paralegal and a law clerk accompanied one of the debtors' attorneys to the 11 U.S.C. § 341(a), first meeting of creditors. Except in an unusually large or difficult case, there is little activity at the first meeting of creditors. One competent attorney can handle questions of creditors at the first meeting. There was no showing in this case that the services of the paralegal and the law clerk were necessary at the first meeting of creditors. This duplication of service is unnecessary and must be reduced accordingly. *In re United Rockwool, Inc.*, 32 B.R. 558 (Bkrtcy.E.D.Va. 1983) (debtor's estate should not bear burden of duplication of services even where properly documented); *In re Holthoff*, 55 B.R. 36 (Bkrtcy.E.D.Ark.1985) (application for fees reduced for duplication of services performed by debtors' attorneys attending 341(a) meeting of creditors).

In addition, the entry of 4/19/85, five hours of preparation for this Court's case conference, is an unnecessary charge to the estate. The function of the initial case conference is to allow the Court to advise the debtor of certain expectations of the Court such as the opening of a debtor-in-possession bank account, the remittance of taxes to the government, the payment of attorney's fees, the procedure for selling assets of the estate, and the debtor's salary. The Court may briefly inquire of the debtor in regard to these matters, but seldom does the case conference exceed ten minutes. Counsel for debtors have attend-

ed numerous initial case conferences in this court and should be aware that the role of counsel and debtor at a case conference is extremely limited.

The law clerk's entries between 5/14/85 and 5/18/85, review of the file, plan and disclosure statement, almost nine hours, without explanation, appear to be unnecessary. The debtors' plan and disclosure statement are part of a bankruptcy case and require preparation by skilled bankruptcy attorneys. After preparation of the plan and disclosure statement, paralegal No. 140 reviewed the plan and disclosure statement for over forty hours. Thirteen hours of further review of the plan and disclosure statement by law clerks are charged to the estate. In turn, both law clerks' and paralegals' work product is reviewed and billed by attorneys at their regular rates. There is no apparent value to the estate of this duplicative review process. The law clerks' charges for review are an unnecessary and expensive effort.

For all of these unnecessary and duplicative noncompensable services, counsel have billed the estate as follows:

| Date | Service Performed | Hours | Law Clerk/ Paralegal |
|---|---|---|---|
| 4/08/85 | Attend meeting with Mr. Bonds and accountant in Forrest City | 6.50 | 55 |
| 4/08/85 | Trip to and return from Forrest City to visit with Messrs. Bonds and Gentry | 7.30 | 140 |
| 4/19/85 | Office conference with Mr. and Mrs. Bonds re 4/22/85 case conference | 3.00 | 140 |
| 4/19/85 | Organize raw data for case conference hearing | 2.00 | 140 |
| 5/14/85 | Review file—by law clerk | 3.00 | 165 |
| 5/15/85 | Review disclosure statement | .70 | 165 |
| 5/17/85 | Review various documents regarding creditor Reba Bonds | 1.00 | 165 |
| 5/18/85 | Review Chapter 11 plan and disclosure statement | 4.00 | 165 |
| 5/20/85 | Review and revision of disclosure statement and plan | 4.90 | 55 |
| 5/21/85 | Attend first meeting of creditors in Helena | 7.00 | 55 |
| 5/21/85 | Trip to and return from Helena, Arkansas to attend 341 meeting of all creditors | 8.20 | 140 |
| | Total | 47.60 | |

█ The fee request also included a substantial charge for a paralegal service reflected on the application as "organize file." The total time charged in this category was approximately 23.00 hours. There was no testimony identifying the scope of this activity, nor the benefit to the estate. Mr. Smith did state that this activity did not include much routine filing. Services described as "organize file" have been identified by these same attorneys in fee hearings in other bankruptcy cases as filing activity. *See In re N.S. Garrott & Sons, Inc.,* 48 B.R. 13 (Bkrtcy.E.D.Ark. 1984) fee application hearings held on November 21, 1984, and December 5, 1985. Secretarial tasks are overhead expenses of the attorney and are not additionally compensable. *In re Thacker,* 48 B.R. 161 (Bkrtcy.N.D.Ill.1985) (overhead expenses include secretarial and clerical expense); *In re Global International Airways Corp.,* 38 B.R. at 440 (secretarial services disallowed); *In re Holthoff,* 55 B.R. at 36 (fee request for ministerial tasks including file organization not allowed). Likewise, messenger and delivery services are elements of the attorneys' overhead and should not

be a profit center for the attorneys. Set out below are other charges which appear from the application to be secretarial and clerical services:

| Date | Service Performed | Hours | Law Clerk/ Paralegal/ Messenger |
|---|---|---|---|
| 2/18/85 | Prepare copies of pleadings for Mr. Baker | .20 | 140 |
| 3/01/85 | Draft letter to Mr. Sharpe transmitting copies of 2 petitions | .10 | 140 |
| 3/06/85 | Preparation of matrix | 3.50 | 140 |
| 3/11/85 | Prepare schedules and statement for filing | .20 | 140 |
| 3/11/85 | Organize file | 1.00 | 140 |
| 3/11/85 | Draft letter to Mr. Bonds re transmittal of statement and schedules for No. 1 and No. 2 stores | .50 | 140 |
| 3/14/85 | File order for employment of counsel | .30 | 55 |
| 3/18/85 | Draft letter to Mr. Gentry transmitting statement of affairs. Schedules & monthly operating report | .20 | 140 |
| 3/19/85 | Prepare mailing matrix for motion for joint administration | .70 | 140 |
| 3/27/85 | Prepare notice re 4/22/85 hearing and certificate of mailing for filing | .50 | 140 |
| 3/27/85 | File notice at bankruptcy | .30 | 160 |
| 3/27/85 | Prepare mailout re 4/22/85 hearing on consolidation motion | .60 | 140 |
| 4/03/85 | Telephone conference with client and organize files | .80 | 140 |
| 4/04/85 | Continue organization of file | 2.00 | 140 |
| 4/09/85 | Draft conference notes of 4/8/85 with Mr. Bonds & Mr. Gentry | 1.30 | 140 |
| 4/09/85 | Messenger delivery of answer to AP&L security deposit petition for filing | .30 | 160 |
| 4/11/85 | Organize files | .80 | 140 |
| 4/11/85 | Draft certificate of mailing re 341 creditors meeting | .40 | 140 |
| 4/12/85 | Prepare for mailout of 341 notice to creditors | .90 | 140 |
| 4/17/85 | Prepare 341 meeting notice mailout to all creditors of Nos. 1 and 2 | .60 | 140 |
| 4/17/85 | Messenger delivery of letter for signature | .30 | 138 |
| 4/17/85 | Prepare certificate of mailing and application to employ accountant for filing | .50 | 140 |
| 4/18/85 | Organize pleading file and draft amendment to schedules | 2.40 | 140 |
| 4/22/85 | Ongoing organization of files | .80 | 140 |
| 4/23/85 | Update matrix for Bonds No. 1 and No. 2 | 1.50 | 140 |
| 4/23/85 | Deliver executed consent order with AP&L to Ms. Kemp | .30 | 140 |
| 4/23/85 | Prepare joint matrix for consolidated administration of Nos. 1 & 2 cases | 1.90 | 140 |
| 4/23/85 | Complete organization of consolidated files | .90 | 140 |
| 4/24/85 | Prepare amended matrix for filing | .30 | 140 |
| 4/24/85 | Review matrix pleading and prepare for filing | .50 | 140 |
| 4/24/85 | Messenger delivery of amended and joint matrix to bankruptcy court | .30 | 160 |

| Date | Service Performed | Hours | Law Clerk/ Paralegal/ Messenger |
|---|---|---|---|
| 4/29/85 | Prepate acceptance to creditors' committee form by Distribuco for filing | .20 | 140 |
| 4/30/85 | Revise matrix re addition of attorneys for various creditors | 1.50 | 140 |
| 4/30/85 | Prepare amended matrix for filing | .40 | 140 |
| 4/30/85 | Initial organization of consolidated pleadings file | .90 | 140 |
| 4/30/85 | Messenger delivery of amended matrix for filing at bankruptcy court | .30 | 160 |
| 5/20/85 | Prepare operating reports for 4/85 for filing | .30 | 140 |
| 5/20/85 | Prepare for mailout of notice of intent | .40 | 140 |
| 5/20/85 | Update organization of files | 1.10 | 140 |
| 5/20/85 | Messenger delivery of April 1985 operating reports for filing at bankruptcy court | .30 | 126 |
| 5/21/85 | Messenger delivery of pleadings to Kwik Kopy | .30 | 100 |
| 5/21/85 | File notice of intent to assume unexpired lease | .30 | 171 |
| 5/22/85 | Messenger delivery of insurance papers to Atkins Insurance | .30 | 155 |
| 5/22/85 | Reorganization of creditor and pleadings files | 4.50 | 140 |
| 5/28/85 | Messenger delivery of package | .30 | 148 |
| 5/28/85 | Prepare for mailout of letter to all creditors | .90 | 140 |
| 6/25/85 | File operating reports | .30 | 138 |
| 7/02/85 | Draft letter to Mr. Beachboard transmitting copies of filed operating reports | .30 | 140 |
| 7/22/85 | Files organization | .80 | 140 |
| 7/27/85 | File organization | .70 | 140 |
| 7/30/85 | File various documents regarding plan of reorganization | .30 | 160 |
| 7/30/85 | Prepare plan of reorganization for mailing to creditors | .50 | 140 |
| 7/30/85 | Prepare final revisions in plan and prepare labels for mailing | 1.80 | 140 |
| 7/30/85 | Draft certificate of mailing re plan of reorganization | .40 | 140 |
| 7/31/85 | Preparation of mailout of letters to creditors re plan and disclosure statement | .80 | 140 |
| 8/02/85 | File organization and continue projections | 3.10 | 140 |
| 8/13/85 | Prepare to file disclosure statement | 1.60 | 67 |
| 8/19/85 | File certificate of mailing | .30 | 126 |
| 8/20/85 | Draft letter to Mr. Bonds transmitting lease assumption/rejection motion re typewriter | .50 | 140 |
| 8/21/85 | File organization | 2.60 | 140 |
| 8/26/85 | File organization | .20 | 140 |
| 8/27/85 | File organization | .80 | 140 |
| 9/02/85 | File organization | .40 | 140 |
| | Total | 51.70 | |

The fee request also includes charges for time spent in connection with the employment of counsel and the preparation of the attorneys' fee application. Services performed regarding employment and fee requests are not compensable.

*Matter of Liberal Market, Inc.*, 24 B.R. at 661; *In re Citizens Mortgage Investment Trust (CMIT)*, 37 B.R. 813, 820 (Bkrtcy.D. Mass.1984); *In re Pacific Homes*, 20 B.R. 729, 738 (Bkrtcy.C.D.Cal.1982); *In re AB-SCO, Inc.*, 23 B.R. 250, 252 (Bkrtcy.E.D.Pa. 1982); *In re Holthoff*, 55 B.R. at 42. *But see Rose Pass Mines, Inc. v. Howard*, 615 F.2d 1088, 1093 (5th Cir.1980); *In re United Rockwool, Inc.*, 32 B.R. at 561. For these noncompensable services counsel have billed the estate as follows:

| Date | Service Performed | Hours | Attorney/ Paralegal |
|------|-------------------|-------|---------------------|
| 2/15/85 | Review and revision of application and order authorizing employment | 1.50 | 67 |
| 3/14/85 | Intraoffice conference with Ms. Jones re order on appointment of attorneys | .10 | 24 |
| 3/14/85 | Draft order approving employment of attorney for Nos. 1 and 2 | .40 | 140 |
| 3/15/85 | Review fee requests | .20 | 24 |
| 10/24/85 | Draft notice of hearing on fees | .10 | 24 |
| 10/24/85 | Draft application for allowance of fees | (unreported) | 24 |
| 12/24/85 | Review and revise first fee application | 1.00 | 24 |
| | Total | 3.30 | |

Consistent with this opinion, the Court will not authorize the payment of fees from assets of the estate for time spent for (1) duplicative or unnecessary services, (2) secretarial or clerical services, and (3) preparation of the fee application and related entries. Therefore, the following charges will be disallowed:

| Attorney/ Law Clerk/ Paralegal/ Messenger | Hours | Rate | Total |
|---------|-------|------|-------|
| 24 | 1.40 | $90.00 | $ 126.00 |
| 55 | 18.70 | 30.00 | 561.00 |
| 165 | 8.70 | 30.00 | 261.00 |
| 67 | 3.10 | 30.00 | 93.00 |
| 140 | 67.40 | 30.00 | 2,022.00 |
| 155 | .30 | 10.00 | 3.00 |
| 160 | 1.50 | 10.00 | 15.00 |
| 138 | .60 | 10.00 | 6.00 |
| 100 | .30 | 10.00 | 3.00 |
| 126 | .60 | 10.00 | 6.00 |
| 148 | .30 | 10.00 | 3.00 |
| 171 | .30 | 10.00 | 3.00 |
| Total | | | $3,102.00 |

There is little authority defining the role of the paralegal in the realm of law practice. Generally, the concept of a paralegal is a person qualified by experience, education and/or certification to enhance the quality of legal services rendered at a rate less than that of a licensed attorney. Paralegals perform services which, without a paralegal's assistance, the service would be rendered by the attorney at a considerably higher rate than a paralegal. In effect, the goal of the paralegal is to perform a supervised "legal" function for a client at considerably less expense to the client. The concept is an efficient idea in today's legal market where attorney costs are escalating beyond the approach of clients in need of legal assistance. However, as seen in this case, the abuse of paralegals is detrimental to the already impoverished debtor who is now paying a paralegal to perform not attorney tasks, but tasks which were previously performed by a competent legal secretary without additional charges to the client.

In addition to the above deductions, counsel is directed to compute and deduct from the request all of the time and services performed by Ms. Jones, legal secretary at the Mitchell Law Firm. Ms. Jones' services are charged as those of a paralegal at $30.00 per hour. Counsel did not offer any basis such as experience, education, or certification for allowing a legal secretary's services to be charged as that of a paralegal. Simply designating a secretary as a paralegal on an attorney fee

application is not sufficient reason to elevate a legal secretary to a paralegal. Counsel is further directed to deduct all charges made by the "unnamed" paralegal since the Court is without a record to qualify this unnamed person as a paralegal warranting separate charges of $30.00 per hour.

Counsel is allowed attorneys' fees, law clerk fees and paralegal fees of $22,033.00, less computations to be made by counsel, and reimbursement of expenses in the amount filed of $4,461.90. Counsel is ordered to prepare a separate judgment pursuant to Bankruptcy Rule of Procedure 7052 reflecting the appropriate calculated fee awarded.

IT IS SO ORDERED.