**David McDONALD and Mary Kay McDonald, Plaintiffs-Appellees,**

v.

**CREDITHRIFT OF AMERICA, INC., Defendant-Appellant.**

**No. 80–7900.**

United States Court of Appeals, Fifth Circuit.*

Unit B

Nov. 12, 1981.

Rehearing and Rehearing En Banc Denied Dec. 16, 1981.

W. Rhett Tanner, J. Allen Maines, Atlanta, Ga., for defendant-appellant.

Ralph Goldberg, Atlanta, Ga., for plaintiffs-appellees.

Before FAY, FRANK M. JOHNSON, Jr. and THOMAS A. CLARK, Circuit Judges.

PER CURIAM:

The sole question presented in this matter is the propriety of the awarding of attor-

---

* Former Fifth Circuit case, Section 9(1) of Public Law 96–452—October 14, 1980.

ney's fees to the prevailing plaintiff in a Truth in Lending Act case for the legal services rendered in both prosecuting the TILA claim and in successfully defending a state law counterclaim (money due and owing to defendant under the note). Convinced that this ruling is controlled by the recent decision of our court in *Lacy v. General Finance Corporation*, 651 F.2d 1026 (5th Cir. 1981), we remand to the district court for the vacating of any attorney's fees awarded for services in connection with the defending of the counterclaim.

THOMAS A. CLARK, Circuit Judge, dissenting:

I respectfully dissent from the majority opinion for two reasons. First, I do not believe that this case is controlled by any prior decision of this court. Second, in my opinion, the majority's holding is inconsistent with congressional policy and established principles of statutory construction.

The majority concludes that their result is mandated by the recent decision in *Lacy v. General Finance Corp.*, 651 F.2d 1026 (5th Cir. 1981). *Lacy*, however, is distinguishable and should not be read so broadly that it controls the present case. In *Lacy*, the TILA plaintiff *lost* on the lender's compulsory counterclaim, whereas in the case under review the TILA plaintiff defeated the counterclaim. I believe that this distinction is significant and warrants different treatment of the two situations.

The statute, 15 U.S.C. § 1640(a)(3), assesses reasonable attorney's fees against a creditor who fails to comply with the TILA "in . . . case of any successful action to enforce . . . liability." The congressional policy underlying the Act encourages private attorneys general to aid in enforcement of the Act. *Sosa v. Fite*, 498 F.2d 114, 121 (5th Cir. 1974); *Thomas v. Myers-Dickson Furniture Co.*, 479 F.2d 740, 748 (5th Cir. 1973).

In the present case, the plaintiff, through his attorney, was successful on the TILA claim and in defending the counterclaim. A successful defense of the counterclaim was part of a "successful action to enforce" liability under the Act. If defense of a meritless counterclaim is necessary to prosecute the TILA case, surely its costs are part of "reasonable attorney fees" as authorized in the statute.

Part of the philosophy of every successful trial lawyer is that "the best defense is a good offense." Because of the compulsory counterclaim rule governing this case, avoidance of malpractice insures that defense counsel will file a counterclaim if there is some basis for it that rises above the level of imagination. Under the majority's approach, lenders could discourage TILA suits by making it a practice to raise every conceivable counterclaim whenever they are sued by an individual in a TILA action. The cost of defending these counterclaims could, in many cases, eclipse the plaintiff's recovery on the TILA claim. The result could be that potential TILA plaintiffs would forego their claims for fear that they would suffer a net loss if suit was brought.

Of course, distinguishing between meritorious and specious counterclaims is difficult. The simple, manageable rule should be that the TILA plaintiff recover attorney's fees incurred in defeating a lender's counterclaim, but not recover attorney's fees if the lender wins its counterclaim as in *Lacy*. Otherwise, the potential for the discouragement of TILA claims through the raising of specious counterclaims by lenders compromises the clear congressional policy underlying the TILA. Moreover, the majority's narrow reading of the attorney's fees provision is inconsistent with the well-established principle that the TILA should be liberally construed to favor the consumer in light of its remedial purpose. *See McGowan v. King*, 569 F.2d 845, 848 (5th Cir. 1978); *Thomas v. Myers-Dickson Furniture Co.*, 479 F.2d 740, 748 (5th Cir. 1973).

A TILA plaintiff who loses on a lender's counterclaim should bear the cost of defending that counterclaim as required by *Lacy*. However, a TILA plaintiff who defeats such a counterclaim should be entitled to attorney's fees for the defense of the counterclaim, thereby removing any incentive that lenders might otherwise have to

cast unwarranted obstacles in the TILA plaintiff's path to recovery.