In re Richard T. JANSEN, Debtor.

MAGNA MORTGAGE
CORPORATION, Movant,

v.

Richard T. JANSEN and Albert Rau,
Trustee, Respondents.

Bankruptcy No. B-83-3107-PHX-GBN.

United States Bankruptcy Court,
D. Arizona.

March 5, 1985.

Dennis J. Wortman, Shull, Wortman & Watland, Phoenix, Ariz., for debtor.

Randy Nussbaum, Owens, Rybarsyk & Nussbaum, Scottsdale, Ariz., for James D. Land.

Michael P. Ripp, Streich, Lang, Weeks & Cardon, Phoenix, Ariz., for Wells Fargo Credit Corp.

## ORDER

GEORGE B. NIELSEN, Jr., Bankruptcy Judge.

Debtor's allegations of a violation of the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.* ("TILA"), have been sustained in part. Findings of Fact and Conclusions of Law of February 12, 1985. It is now necessary to impose an award of attorney's fees. 15 U.S.C. § 1640(a)(3).

In providing for such award, Congress did not intend allowance of an attorney's fee for legal services which do not concern TILA matters. *Lacy v. General Finance Corp.*, 651 F.2d 1026, 1029 (5th Cir.1981); *McDonald v. Credithrift of America*, 661 F.2d 69 (5th Cir.1981). The criteria to be applied in such application are adopted in the Fifth Circuit from *Johnson v. Georgia Highway Express*, 488 F.2d 714, 717–19 (5th Cir.1974). *McGowan v. King*, 569 F.2d 845, 850 (5th Cir.1978). The *Johnson* standard has been adopted by our Circuit for use under the Labor-Management Reporting and Disclosure Act of 1959. *Kerr v. Screen Extras Guild*, 526 F.2d 67, 69–70 (9th Cir.1975), *cert. denied*, 425 U.S. 951, 96 S.Ct. 1726, 48 L.Ed.2d 195 (1976). Accordingly, I presume the *Johnson* guidelines are appropriate here as well.

The guidelines are as follows:
(1) the time and labor required, (2) novelty and difficulty of the legal questions involved, (3) skill necessary to perform the legal service properly, (4) preclusion of other employment due to acceptance of the case, (5) customary fee, (6) whether fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) amount involved and the results obtained, (9) experience, reputation and ability of the attorneys, (10) undesirability of the case, (11) nature and length of the professional relationship with the client, and (12) awards in similar cases.

526 F.2d, at 70.

These standards are not dissimilar to those imposed under the Code for

Attorney's Fees. 11 U.S.C. § 330(a). The legislative intent is to compensate bankruptcy lawyers at the cost of comparable nonbankruptcy legal services and overrule arbitrary limits which could drive counsel from the bankruptcy arena. House Rep. No. 95–595, 95th Cong., 1st Sess. 329–30 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6285–86, overruling *In re Beverly Crest Convalescent Hospital,* 548 F.2d 817 (9th Cir.1976, as amended 1977). Unsurprisingly then, at least one court has used the *Johnson* standards in evaluating counsel fees in a bankruptcy case. *In re New England Fish Co.,* 28 B.R. 673, 676–77 (Bankr.W.D.Wash.1982). It seems the reverse should be true as well, and bankruptcy standards for evaluating fee applications are applicable to TILA applications. Thus, the fee applicant would have the burden to justify the request through a detailed application which states the time required for each individual service and contains an adequate description. Rule 2016(a), *F.Bk.R.; In re Horn & Hardart Baking Co.,* 30 B.R. 938 (Bankr.E.D.Pa. 1983); *In re Nation/Ruskin,* 22 B.R. 207, 209–10 (Bankr.E.D.Pa.1982); *Matter of Seatrain Lines,* 21 B.R. 194, 195 (Bankr.S. D.N.Y.1982).

■ Ministerial or nonlegal services such as telephone calls should not receive compensation at counsel's full rate. *Matter of Minton Group,* 33 B.R. 38, 41 (Bankr.S.D. N.Y.1983), citing *In re Dee's Resort Wear,* 25 B.R. 591 (Bankr.M.D.Fla.1982).

■ Deductions for time spent by more than one attorney are appropriate when the presence of one counsel would be sufficient. *Copeland v. Marshall,* 641 F.2d 880, 891 (D.C.Cir.1979) (Title VII Civil Rights Act[1]); *Younger v. Glamorgan Pipe & Foundry Co.,* 418 F.Supp. 743, 792–93 (W.D.Va.1976) (same). *Compare Postow v. Oriental Building Association,* 455 F.Supp. 781, 789 (D.D.C.1978), *modified on other grounds,* 627 F.2d 1370 (D.C.

Cir.1980) (two counsel's services not unduly repetitive or overlapping to require reduction of hours in TILA action, although junior counsel's lack of experience mandates reduction of his rate by $15.00 per hour) with *Parker v. Matthews,* 411 F.Supp. 1059, 1067 (D.D.C.1976). *aff'g Parker v. Califano,* 561 F.2d 320 (D.C.Cir.1977) (losing civil rights defendant need not pay double hourly rates for frequent overlapping of time and unexplained, excessive time spent on conferences between senior and junior attorneys). *See also Matter of Liberal Market,* 24 B.R. 653, 664–65 (Bankr.S.D.Ohio 1982) (§ 330 application).

■ In determining an appropriate fee, I can take into consideration time spent on nonlegal matters or which did not achieve results. *Copeland v. Marshall, supra,* 641 F.2d, at 891–92 and n. 18; *Matter of Liberal Market, supra,* 24 B.R., at 659, citing *Cle-Ware Industries v. Sokolsky,* 493 F.2d 863, 874 (6th Cir.1974) and *Matter of Braswell Motor Freight Lines,* 630 F.2d 348, 350 (5th Cir.1980). This is not to say that an automatic deduction should be made for every unsuccessful claim asserted by a TILA plaintiff. *Henson v. Columbus Bank & Trust Co.,* 651 F.2d 320, 329–30 (5th Cir.1981).

In the instant case, use of attorney time to attempt calculation of both finance charges and an annual percentage rate (APR) of interest was complicated by debtor's untenable position the Lincoln Financial advance was a finance charge. *Powers v. Sims and Levin,* 542 F.2d 1216, 1220 and n. 11 (4th Cir.1976). Similarly, debtor's erroneous position that the $2,819 advanced to Wells Fargo was not secured by the trust deed might have been a factor in debtor's refusal to settle this litigation. Conclusion of Law Six, page five, *supra.* I believe I can consider these errors in computing an attorney fee award against plaintiff. Certainly nonproductive time should

---

**1.** As noted by the *McGowan* court's adoption of *Johnson,* attorney fee awards under TILA often utilize civil rights decisions as fee standards.

*See also* Clontz, *Truth in Lending Manual,* ¶ 10.06[I], 1984 Supp., Vol. I, at 10–14 to 10–20.

be deductible. *Copeland, supra,* 641 F.2d, at 891.

██ Finally, I note there is no error in awarding a fee in excess of the consumer's actual recovery because of the small statutory damages and the full compensation required to support the congressional policy of private enforcement. *Postow, supra,* 455 F.Supp., at 785, n. 6. *See generally* 29 A.L.R.Fed. 906, 911–14 (1976).

██ Based on the above principles, a lodestar rate of $100 per hour for senior counsel and $70 per hour for junior counsel is approved. I will delete the following from counsel's application, however:

| Date | Time Deleted | Reason |
|------|--------------|--------|
| 4–23–84 | .3 DJW | Not attorney function |
| 5–25–84 | .4 DJW | Unrelated to TILA |
| 6–6–84 | 1.4 WSL | Two attorneys not required |
| 6–12–84 | .5 DJW | Unrelated to TILA |
| 6–21–84 | 1.2 WSL | Not attorney function |
| 6–26–84 | 3.8 WSL | Two attorneys not required |
| 7–21–84 | .3 WSL | Unrelated to TILA |
| 7–23–84 | .6 WSL | Two attorneys not required |
| 7–24–84 | .5 WSL | Unrelated to TILA |
| 7–25–84 | .4 WSL | Unrelated to TILA |
| 7–26–84 | .7 WSL | Unrelated to TILA |
| 7–26–84 | .6 WSL | Unrelated to TILA |
| 7–27–84 | .2 WSL | Unrelated to TILA |
| 7–30–84 | .2 WSL | Unrelated to TILA |
| 8–8–84 | .2 WSL | Unrelated to TILA |
| 8–8–84 | 1.0 WSL | Unrelated to TILA |
| 8–9–84 | 1.1 WSL | Unrelated to TILA |
| 8–9–84 | .4 WSL | Unrelated to TILA |
| 8–10–84 | .1 WSL | Unrelated to TILA |
| 8–13–84 | .1 WSL | Unrelated to TILA |
| 8–29–84 | .4 WSL | Unrelated to TILA |
| 8–30–84 | .3 WSL | Unrelated to TILA |
| 8–31–84 | .9 WSL | Unrelated to TILA |
| 8–31–84 | .4 WSL | Unrelated to TILA |
| 9–25–84 | .2 DJW | Unrelated to TILA |
| 9–28–84 | .3 WSL | Junior counsel's review of pleadings and preparation for final argument unnecessary as senior counsel argued |
| 9–28–84 | 2.3 WSL | Two attorneys not required |

Pursuant to the above, I will deduct 1.4 hours or $140 from senior counsel's fee and 17.4 hours or $1,218 from junior counsel's fee. Subtracting $1,358 from the original request of $14,462, I will award counsel a fee of $13,104 plus costs of $275.90 against movant James D. Land, successor in interest to Magna Mortgage Corporation, pursuant to 15 U.S.C. § 1640(a)(3).

ORDERED ACCORDINGLY.