**In re Lilly C. ANDERSON, aka L.C. Gross, Debtor.**

**Bankruptcy No. 83–00089.**

United States Bankruptcy Court, D. Hawaii.

May 21, 1986.

Gregory P. Conlan, Honolulu, Hawaii, for plaintiff.

Terry L. Day, R. Steven Geshell, Honolulu, Hawaii, for defendant.

## MEMORANDUM DECISION AND ORDER RE: APPLICATION FOR REIMBURSEMENT OF ATTORNEYS' FEES

JON J. CHINEN, Bankruptcy Judge.

On October 24, 1985, the attorneys for Bank of Honolulu ("Applicant") filed its Application for Reimbursement of Attorneys' Fees ("Application") seeking $11,548.00 in fees, $463.85 in Hawaii excise tax, and expenses of $1,808.09 for a total award of $13,819.94. A memorandum in opposition to the Application was filed by the Trustee on February 12, 1986, and Carolyn Winchester, a creditor of the Debtor, joined in the Trustee's opposition on February 14, 1986. A supplemental memorandum in support of the Application was filed on February 13, 1986 and a second supplemental memorandum in support of the Application was filed on February 14, 1986 by the Applicant.

A hearing was held on February 14, 1986, at which time the Court took the matter under advisement. The Court being advised in the premises, having reviewed the memoranda filed herein, and having heard and considered the arguments of counsel, now renders this memorandum decision and order.

The Trustee's opposition to the Application can be briefly summarized as follows:

1. The amount of time spent on preparing the fee applications is excessive.

2. The Application includes fees for services at which Bank of Honolulu was not successful, or for services which are not covered by the Agreement of Sale contract with the Debtor which authorizes Bank of Honolulu to recover its reasonable attorney fees in case of default by the Debtor.

3. The Application includes fees for services incurred in connection with Bank of Honolulu's unsuccessful Motion for Reconsideration.

4. It is premature to award Applicant fees for services in connection with its pending appeals.

Applicant responds by stating that:

1. It was never required before to submit time-sheets in the detail requested by this Court.

2. The amounts expended and requested are commercially reasonable.

3. The services provided were essential in insuring that an estate remains large enough to pay Bank of Honolulu in full.

Where the Debtor's estate is to pay attorney's fees, it is the responsibility of the attorney to provide the court with time-sheets that clearly set forth in detail the type of service rendered and the time spent for each service. As was stated in *In re Horn & Hardart Baking Co.*, 30 B.R. 938, 944 (Bkrtcy.E.D.Pa.1983),

> [t]he court should not be required to indulge in guesswork, nor undertake extensive labor to justify a fee for an attorney who has not done so himself. We do not find it to be an unbearable burden to require any attorney seeking compensation to enlighten the court as to the nature of his toil and the relation it bears to the matter at hand. Absent such a statement, compensation may not be allowed.

And, in *In re Nation Ruskin, Inc.*, 22 B.R. 207, 210 (Bkrtcy.E.D.Pa.1982) the Court stated:

> General statements will not justify fee awards. Lumping-together services and failure to adequately specify how much time has been expended for each individual service is not acceptable for the court's inspection and evaluation.

The attorney's time sheet must be adequate to show the amount of time spent and the manner in which it was spent.

Mere entrance such as "research", "conference" or "telephone call" is insufficient. And, where there is a block of services without a breakdown of the time for each service rendered, there will be no compensation. *In re Four Star Terminals, Inc.,* 42 B.R. 419, 426–27 (Bkrtcy.Alas.1984).

■ Duplication of services should not be compensated, and compensation for routine work should be discounted in determining fee awards. *Matter of Ferkauf,* 42 B.R. 852 (Bkrtcy.S.D.N.Y.1984).

Although the Applicant argues that it did not know (prior to the request of the court to provide further detail) that such detail in its fee application was necessary, it has always been incumbent upon the party seeking reimbursement to clearly set forth the nature of the services performed. As the court in *In re NuCorp Energy, Inc.,* 764 F.2d 655, 658 (9th Cir.1985) stated:

Attorneys are statutorily obligated to submit to the bankruptcy court a detailed accounting of all services rendered to the bankruptcy estate. *See* 11 U.S.C. § 329(a); Fed.R.Bankr. 2016. Our decisions have consistently recognized that debtors' counsel are required to maintain and present to the bankruptcy court meticulously accurate time records of all services rendered to the estate as a necessary prerequisite to the recovery of attorneys' fees under the Bankruptcy Act. *See, e.g., Southwestern Media,* 708 F.2d [419] at 428 n. 16; *In re Beverly Crest Convalescent Hospital,* 548 F.2d 817, 820 (9th Cir.1986); *York International Building,* 527 F.2d [1061] at 1069. The detailed fee applications enable the bankruptcy court to fulfill its obligation to examine carefully the requested compensation in order to ensure that the claimed expenses are justified.

It should further be noted that Applicants are not unfamiliar with the Bankruptcy Court; they have practiced before this Court on numerous occasions, and have submitted fee applications. The court thus finds Applicant's argument that it did not know that a detailed record of the services provided was necessary to be without merit.

The request by this court for further clarification of the time-sheets was not for the benefit of the estate. Rather it was for Applicant's benefit since, without the additional detail, this court would not have been able to determine the amount of "reasonable attorney fees". If the Applicant had not submitted further details, the Court would have been justified in denying all attorney fees.

■ Because the Bankruptcy Code requires detailed accounting of all services rendered in cases under Bankruptcy Court jurisdiction, Applicant's expenditure of time to recreate that which should have been already in existence should not be compensated. It should be noted here that Applicant's time incurred in submitting its first fee application has already been compensated and the court denies reimbursement for the additional time required to provide greater detail in the time-sheets. The Court thus denies the following:

| GPC | 14.20 hours |
| FY | 11.90 hours |

Applicant further argues, that some services provided, even if not within those specifically contemplated in the clause of the Agreement of Sale with the Debtor making Debtor liable for certain attorney fees in case of default, were necessary to protect Bank of Honolulu's interest by insuring that a fund would remain to pay any debt owed to Bank of Honolulu. The weakness of this argument is that it would then allow Bank of Honolulu to contest any matter that would tend to threaten the fund from which it would be paid, without having to expend any funds of its own.

Applicant also cites *In re Masnorth Corp.,* 36 B.R. 335 (Bktcy.Ga.1984) for the proposition that fees should be allowed if a reasonable creditor would have spent the amount of requested attorney's fees if it had to pay the fees itself to protect its stake. However, as the court found,

[w]hile Midland is free to assert all bona fide claims before the Bankruptcy Court, Midland is not necessarily entitled to saddle the debtor with all the attorney's fees and expenses incurred so as to impede the debtor's ability to reorganize.

*Id.* at 339.

Further, it should be noted that the court there found that "a reasonable creditor would [not] have spent $38,000.00 of its own money to "protect" its $450,000.00 stake in real property with an admitted equity cushion in excess of $100,000...." *Id.* at 339. As noted in previous orders of this court, Bank of Honolulu is an oversecured creditor with some $400,000.00 in excess over the value of the collateral. All

totaled, Applicants have sought over $74,000.00 in attorney fees and costs. The court further notes that Bank of Honolulu has been paid in full the principal amount of its debt and interest at the contract rate of interest. Although Bank of Honolulu claims that it is entitled to delay damages of approximately $107,000.00, the court concludes that a reasonable creditor would not have expended the amount claimed by the Applicant in protecting its rights.

Accordingly, the court deducts the following items because they were not within the contemplated attorney fees in the Agreement of Sale, and in any event, are not commercially reasonable:

| Date | Service Provided | Hours | Atty |
|---|---|---|---|
| 1/02/85 | Research at court, apptmt of trustee | 1.9 | ANN |
| 4/05/85 | Prep. for hearing, Duca's fees | .7 | GPC |
| 4/08/85 | Tel. call, Duca's fees | .3 | GPC |

As to the motion for reconsideration of attorney's fees, the court recognizes that fees incurred in making such a motion, if made in good faith, and with a reasonable basis, should not be denied solely because it was not successful. The court finds that 9.5 hours were spent in preparing and revising the motion and that this time is reasonable.

Finally, the court notes that it has previously ruled that fees and costs incurred with regards to the Motion for Delay Damages is not compensable, since the Bank of Honolulu was not successful on that Motion. The court thus deducts the following:

| Date | Service Provided | Hours | Atty |
|---|---|---|---|
| 1/30/85 | Review of memoranda | .7 | GPC |
| 1/31/85 | " " " | .6 | " |
| 2/01/85 | Prep. for hearing | .85 | " |
| 2/02/85 | " " " | 2.60 | " |
| 2/04/85 | Prep. for hearing | 3.25 | " |
| 2/07/85 | Research memorandum | .70 | " |
| 2/09/85 | Prep. supplemental memorandum | 1.0 | " |
| 3/06/85 | Prep. FOF | 1.0 | " |
| 3/06/85 | Same | 1.35 | " |
| 3/07/85 | Same | 3.40 | " |
| 3/08/85 | Same | 4.00 | " |
| 3/09/85 | Review Trustee's FOF | .15 | " |
| 8/30/85 | Research new case law – delay damages | .40 | " |

Based on the foregoing, the court deducts the following amount from the various individuals:

| | | |
|---|---|---|
| GPC | 35.20 hours at $125.00 per hour | $4,400.00 |
| FY | 11.90 hours at $45.00 per hour | 535.50 |
| ANN | 1.90 hours at $45.00 per hour | 85.50 |
| | | $5,021.00 |
| | 4% excise tax | 200.84 |
| | | $5,221.84 |

From the requested costs of $1,808.09, the court disallows the Sheriff's fee and witness fee incurred in connection with the Motion for Delay Damages, or $40.00. The court also disallows one-half (½) of the computer research charge, or $695.62, for a total disallowance of $735.62. From the total requested of $13,819.94, the court deducts $5,957.46 and awards the balance of $7,862.48.

IT IS HEREBY ORDERED that the Trustee shall pay to Applicant $7,862.48 for services incurred as attorneys for Bank of Honolulu, chargeable to the estate under terms of the Agreement of Sale between Bank of Honolulu and the Debtor.