**In re AZTEC COMPANY, Debtor.**

**Bankruptcy No. 388–05495.**

United States Bankruptcy Court,
M.D. Tennessee.

April 24, 1990.

G. Rhea Bucy, Gullett, Sanford, Robinson & Martin, Nashville, Tenn., for debtor.

Barbara Holmes, Asst. U.S. Trustee, Nashville, Tenn.

## MEMORANDUM

KEITH M. LUNDIN, Bankruptcy Judge.

The issue is whether debtor's counsel's fee application should be reduced for intra-office conferences, attendance by two attorneys at the same court hearings, and other "duplications" of effort. Because counsel's voluntary five percent reduction adequately compensates for any *unreasonable* or *unnecessary* "duplicative" billing, the fee application is approved.

I.

The debtor filed Chapter 11 on August 24, 1988. Gullett, Sanford, Robinson & Martin was authorized to represent the debtor. The debtor owns and operates an apartment complex.

The debtor filed its first disclosure statement and plan less than three months after the petition. The first disclosure statement and plan were amended. Confirmation was denied on May 5, 1989 because the proposed interest rate failed to give the first mortgagee the present value of its secured claim. *In re Aztec Co.*, 99 B.R. 388 (Bankr. M.D.Tenn.1989).

A second plan and disclosure statement were filed within 20 days. In response to objections, the debtor again amended the disclosure statement in July, 1989. On November 22, 1989, the debtor's second amended plan was denied confirmation because it unfairly discriminated against the first mortgagee's nonrecourse deficiency claim. *In re Aztec Co.*, 107 B.R. 585 (Bankr.M.D.Tenn.1989).

A third plan and disclosure statement were filed on December 8, 1989. Amendments were offered one week later and again on January 25, 1990. The first mortgagee's motion for relief from the stay was set for final hearing with the hearing on confirmation of the (amended) third plan. Notwithstanding 18 months of vigorous and effective opposition, debtor's counsel confirmed a *consensual* plan on February 14, 1990.

In its final fee application, Gullett, Sanford reduced the total hours billed by three partners by five percent because some legal services were rendered by more than one attorney. Gullett, Sanford maintains that multiple participation was necessary, but concedes that the value of multiple participation is less than the sum of the total hourly rates of each lawyer. The U.S. trustee objected, insisting that a five per-

cent reduction is not sufficient. In its careful and detailed analysis, the U.S. trustee identified specific time entries involving more than one lawyer, including joint attendance at hearings, meetings with the debtor's principals, and intra-office conferences to revise disclosure statements, discuss strategy, prepare evidence, and formulate plans.

## II.

11 U.S.C. § 330 authorizes compensation for services by a debtor's attorney that are *actual, necessary* and *reasonable.* Some reported decisions suggest a *per se* rule disallowing duplicative services as unnecessary. *In re Anderson,* 62 B.R. 206 (Bankr. D.Haw.1986); *In re Yankee Seafood Corp.,* 53 B.R. 285 (Bankr.D.R.I.1985). It is appropriate to deny compensation when it appears that several professionals have attacked a matter that could adequately be managed by one. *See In re Beck–Rumbaugh Assocs., Inc.,* 68 B.R. 882 (Bankr.E. D.Pa.1987); *In re Jansen,* 47 B.R. 641 (Bankr.D.Ariz.1985). However, automatic denial of compensation for overlapping professional attention to a Chapter 11 debtor's problems is not required by the Code. There will be many situations where it would be *necessary* and *reasonable* for several professionals to work together: for example, coordination of services, delegation of responsibilities, development of strategies, sharing of research responsibilities and results, preparation and execution of hearings and trials, multi-party negotiations and drafting of complex documents. This is particularly true in contested Chapter 11 cases where success hinges on timing, creativity, and decisive action. *See In re Microwave Products of America, Inc.,* 102 B.R. 661 (Bankr.W.D.Tenn.1989); *In re Washington Mfg. Co.,* 101 B.R. 944, 19 BANKR.CT.DEC. (CRR) 895 (Bankr.M.D. Tenn.1989); *In re Carrousel Motels, Inc.,* 97 B.R. 898 (Bankr.S.D.Ohio 1989); *In re Chicago Lutheran Hospital Ass'n.,* 89 B.R. 719 (Bankr.N.D.Ill.1989); *In re N–Ren Corp.,* 71 B.R. 488 (Bankr.S.D.Ohio 1987); *In re Holthoff,* 55 B.R. 36 (Bankr.E. D.Ark.1985).

Courts differ on the allowance of fees for intra-office conferences. Some decisions deny compensation for all intra-office conferences. *In re Wabash Valley Power Ass'n, Inc.,* 69 B.R. 471 (Bankr.S.D.Ind. 1987); *In re Beck–Rumbaugh Assocs., Inc.,* 68 B.R. 882 (Bankr.E.D.Pa.1987). Others recognize that intra-office conferences may be necessary, but allow only one attorney to bill unless an explanation for each attorney's participation is given. *In re Pettibone Corp.,* 74 B.R. 293, 302 (Bankr.N.D.Ill.1987). Others consider the frequency of conferences, their length and whether attorneys with special areas of expertise were involved. *Matter of Pothoven,* 84 B.R. 579 (Bankr.S.D.Iowa 1988); *In re Amatex Corp.,* 70 B.R. 624 (Bankr.E.D. Pa.1985); *In re American Int'l Airways, Inc.,* 47 B.R. 716 (Bankr.E.D.Pa.1985); *In re Bible Deliverance Evangelistic Church,* 39 B.R. 768 (Bankr.E.D.Pa.1984). Some courts compensate for intra-office conferences if each meeting is described and is not excessive in length. *In re R & B Institutional Sales, Inc.,* 65 B.R. 876 (Bankr.W.D.Pa.1986); *In re C & J Oil Co., Inc.,* 81 B.R. 398 (Bankr.W.D.Va.1987).

Standards for compensating each attorney present at a single hearing also vary. Some courts require that each attorney actively participate. *In re Pettibone Corp.,* 74 B.R. 293 (Bankr.N.D.Ill.1987); *In re Amatex Corp.,* 70 B.R. 624 (Bankr.E.D.Pa. 1985); *In re Holthoff,* 55 B.R. 36 (Bankr.E. D.Ark.1985); *In re Jensen–Farley Pictures, Inc.,* 47 B.R. 557 (Bankr.D.Utah 1985). Others hold that "a lawyer need not actively participate in a proceeding to provide valuable insights and observations." *In re Seneca Oil Co.,* 65 B.R. 902, 909 (Bankr.W.D.Okla.1986). *See also In re Chicago Lutheran Hosp. Ass'n,* 89 B.R. 719 (Bankr.N.D.Ill.1988) (exception to active participation requirement is made if a specific reason is given for attendance by more than one attorney.); *Wabash Valley Power Ass'n, Inc.,* 69 B.R. 471 (Bankr.S.D. Ind.1987) (associate's attendance is compensable if "contributes" to hearing.)

No *per se* rule of allowance or disallowance of fees for intra-office conferences or multiple appearances at a hearing is required by the Code. The flexible standard of "... reasonable compensation for

actual, necessary services ..." applies and case-by-case, if not item-by-item analysis is appropriate.

Here, the United States trustee has provided a most helpful review of the Gullett, Sanford fee application. The U.S. trustee identified some "duplication" of effort that was not reasonable or necessary within the meaning of § 330. Debtor's counsel's voluntary reduction of five percent of the time logged by the lead counsel "more than compensates" for the portion that would not be allowable. *In re Hanson Indus., Inc.*, 90 B.R. 405, 411 (Bankr. D.Minn.1988). This Chapter 11 case was above average in complexity and in the intensity of contest. Debtor's counsel and counsel for the first mortgagee fenced expertly for 18 months to arrive at a consensual plan after litigating several difficult, unresolved issues of Chapter 11 practice in this district. Consideration of the fee application and of the U.S. trustee's analysis support allowance in full with the voluntary five percent reduction.

An appropriate order will be entered.