In re APACHE TRADING GROUP, INC.,
Fort Apache Performance Brokerage,
Inc., and Juan Almeida, Debtors.

Bankruptcy Nos. 95–11127–BKC–
AJC to 95–11129–BKC–AJC.

United States Bankruptcy Court,
S.D. Florida.

Jan. 19, 1999.

See also 229 B.R. 891.

Paul L. Orshan, Miami, FL, Harry K. Bender, Miami, FL, on behalf of Ronald Meixner.

Herbert L. Stettin, Miami, FL, David Goldstein, Miami, FL, on behalf of former alleged debtors.

## *OPINION*

LARRY L. LESSEN, Bankruptcy Judge.

This proceeding is before the Court pursuant to 11 U.S.C. § 303(i)(1) for a determination of the reasonableness of the costs and attorneys' fees incurred by the former alleged Debtors in connection with the involuntary filings and the matters leading up to the dismissal of the involuntary petitions.

At the outset, the Court assumes a familiarity with the prior opinions of the Court in these proceedings. Suffice it to say that the Debtor contested the involuntary petitions, and both sides were vigorous in advocating their positions. Judge Cristol noted in his Opinion of July 8, 1997, the matter was tried over all or parts of nine days, and the trial resulted in over 2,000 pages of testimony and arguments and approximately 150 exhibits.

Mr. David Goldstein was the original attorney for the former alleged Debtors. He was retained in March 1995. He initially agreed to handle these proceedings for the lump sum of $25,000, but this agreement was later modified to provide for billing at Mr. Goldstein's hourly rate of $275. Mr. Goldstein's bill for his first year was around $25,000. He did not receive a retainer from Mr. Almeida. To date, he has only received $7,500, which sum he received from the settlement with Mr. Handy. He seeks total fees of $106,000.

In April 1996, Mr. Herbert Stettin joined Mr. Goldstein in representing the former

alleged Debtors. Mr. Stettin was the lead trial counsel; he handled all of the witnesses at trial and all of the arguments to the Court. He also handled most of the depositions. Mr. Goldstein attended all of these proceedings with Mr. Stettin.

Mr. Stettin bills at an hourly rate of $275. He has incurred fees of $85,000 and costs of $8,700. He has been paid in full by Mr. Almeida up to the time of the dismissal.

Mr. Meixner challenges the reasonableness of the fees charged by Mr. Stettin and Mr. Goldstein. In particular, he focuses on the duplication of effort by Mr. Stettin and Mr. Goldstein. He notes that Mr. Stettin and Mr. Goldstein double-billed for various telephone conferences, meetings, depositions, and the trial. The total of Mr. Goldstein's fees for this apparent duplication is $43,371.25.

■ Courts generally find duplication of services to be an unreasonable expenditure of time and therefore noncompensable. *In re Spanjer Brothers, Inc.*, 203 B.R. 85, 91 (Bankr.N.D.Ill.1996); *In re Ginji Corp.*, 117 B.R. 983, 993 (Bankr.D.Nev.1990) Courts will deny compensation where "it appears that several professionals have attacked a matter that could adequately be managed by one." *In re Aztec Co.*, 113 B.R. 414, 415 (Bankr.M.D.Tenn.1990). However, courts also recognize situations where it is both necessary and reasonable for multiple attorneys to work together. *In re Aztec Co.*, *supra*, 113 B.R. *at* 415.

■ In these proceedings, it is argued that the complexity and intensity of the litigation warranted the attendance of Mr. Stettin and Mr. Goldstein at the depositions and hearings. In addition, Mr. Goldstein spent a year on these cases prior to the involvement of Mr. Stettin, and he was able to provide Mr. Stettin with the necessary background about the cases.

Notwithstanding the foregoing, the Court does not believe that these cases required two $275 per hour attorneys. Mr. Stettin was clearly the lead counsel; he conducted almost every deposition and he was the only attorney to handle witnesses or make arguments to the Court at the involuntary hearing. Mr. Goldstein did not examine a single witness or make any arguments to the Court. Mr. Goldstein's work in these cases, albeit helpful, could have been performed by a junior associate at a rate of $125 per hour. "The fact that an experienced attorney elects to perform services which could be performed by others far less experienced does not increase the value and should not increase the cost of those services." *In re Underground Utilities Constr. Co., Inc.*, 13 B.R. 735, 738 (Bankr.S.D.Fla.1981). Accordingly, the requested fees will be reduced by $23,657.

■ Mr. Meixner next argues that he is entitled to a credit against any fee award for sums already received by Mr. Almeida from other parties or the sale of Mr. Meixner's collateral. Prior to the involuntary filings, Mr. Meixner's claim was secured by certain collateral—three boats and trailers. Following the dismissal of the involuntary petitions, Judge Cristol granted Mr. Almeida a lien against the collateral superior to Mr. Meixner's lien in order to secure an award of fees, costs or damages. Two of the boats were sold for approximately $80,000, and Mr. Goldstein is holding these proceeds in his trust account. The remaining boat is still unsold. It is the most valuable of the three boats, but the market for such boats is very limited. In addition, Mr. Almeida has secured a $7,500 cash settlement from Mr. Handy. He has also settled with Mr. Balogh and Mr. Bell for $15,000 each, but as of the date of the hearing, these sums have not been paid. Finally, there is a $5,000 cash bond which was required to be paid by the petitioning creditors early in the involuntary cases. The status and whereabouts of this bond were unknown at the time of the hearing.

It is clear that Mr. Almeida may only be reimbursed once for his fees and costs. Mr. Meixner is entitled to a credit of $87,500 for the funds received by Mr. Almeida from the sale of the two boats and the settlement with Mr. Handy. Mr. Meixner will also be entitled to a credit for any sums received by Mr. Almeida from his settlements with Mr. Balogh and Mr. Bell, the bond, or the sale of the third boat.

The final issue before the Court is whether Mr. Meixner is entitled to set off his claim. Mr. Meixner has a valid claim against Mr. Almeida in the amount of $323,585. Mr. Meixner seeks to set off this claim against the award of fees obtained by Mr. Almeida for fees and costs.

There are three reported decisions on the right of a petitioning creditor with a valid claim to set off that claim against an award of fees, costs or damages arising from an involuntary filing. *In re Schiliro,* 72 B.R. 147 (Bankr.E.D.Pa.1987) rejected an unsuccessful petitioning creditor's right to setoff a valid claim against a fee award. The court determined that there were strong public policy reasons why an award pursuant to § 303(i) should not and could not be permitted to be set off against a valid claim. *Id. at* 149. The court further determined that because the actual recipient of a § 303(i) award is the debtor's counsel, the necessary element of mutuality is lacking. *Id. at* 151.

The *Schiliro* court's analysis of the mutuality issue was rejected by *In re Better Care, Ltd.,* 97 B.R. 405 (Bankr.N.D.Ill.1989) and *In re K.P. Enterprise,* 135 B.R. 174 (Bankr. D.Me.1992). Both courts recognized that attorney's fees under § 303(i) are clearly owed to the debtor and not the attorney. *In re Better Care, Ltd., supra,* 97 B.R. *at* 415; *In re K.P. Enterprise, supra,* 135 B.R. *at* 185.

*In re Better Care* and *In re K.P. Enterprise* split on the *Schiliro* public policy analysis. *In re K.P. Enterprise* agreed with *Schiliro* that important bankruptcy policies would be blunted by allowing setoff. 135 B.R. *at* 185. Relying on 11 U.S.C. § 105(a), the court determined that the purpose and effective operation of § 303(i) would be impaired if a secured creditor were allowed to set off a claim against a § 303(i) damage award. 135 B.R. at 185. *In re Better Care* set forth its disagreement with the *Schiliro* policy argument as follows:

Regarding the policy argument, this Court believes the *Schiliro* court has confused § 303(i) with fee-shifting statutes of the type exemplified by the Truth–in–Lending Act, 15 U.S.C. § 1640(a)(3), relied upon heavily in the *Schiliro* opinion. Truth–in–Lending is designed to encourage actions for its violations and awards attorney's fees against the wrongdoer in pursuance of that policy. The attorney's fee award is thus essentially regulatory, designed to foster private attorneys general; such award is not primarily compensatory. Thus set-off should not be allowed to evade it. The attorney's fee award of § 303(i), on the other hand, is purely compensatory, designed not to foster litigation but to discourage it. It is furthermore intended to compensate the aggrieved party in the wake of the very litigation designed to be discouraged, i.e., groundless involuntary petitions. It is thus an item of damages to the debtor akin to any other such item of damages, so set-off should be available as much for attorney's fees as for the other § 303(i) items of damages. 97 B.R. at 415.

■ Based on the facts in this case, the Court finds that setoff is appropriate. An important factor in reaching this decision is the fact that the Court has found that Mr. Meixner did not act in bad faith when he filed the involuntary petitions. The public policy argument loses much of its force where the petitioning creditors have not acted in bad faith. Moreover, allowing the setoff of Mr. Meixner's valid claim against the award of fees and costs is clearly the most practical result. The alternative would be for Mr. Meixner to pay the fees and costs to Mr. Almeida, and then for Mr. Meixner to convert his liquidated claim to judgment and then proceed to collect from Mr. Almeida. Thus, Mr. Almeida would be repaying Mr. Meixner with the same funds that Mr. Meixner previously paid to Mr. Almeida. This would be an exercise in futility. Therefore, the Court will allow setoff in this case.

For the foregoing reasons, the Court finds costs and reasonable attorneys' fees incurred by the former alleged Debtors to be $176,043. The Court further finds that Mr. Meixner is entitled to a credit of $87,500, and an additional credit for any additional sums which Mr. Almeida receives from other sources. Finally, Mr. Meixner is allowed to set off his valid claim of $323,585 against the § 303(i) award of fees and costs.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to

Rule 7052 of the Federal Rules of Bankruptcy Procedure.